Hillsborough,  
Jan. 2, 1917.

### GEORGE HOWIE *v.* CARRIE L. LEGRO, *Ex'x.*

The testimony of the surviving party as to matters about which the deceased could have testified, is excluded when his representative, being a party to the suit, does not elect to testify, unless it appear from other evidence that injustice will be done by such exclusion.

A written contract to convey land cannot be established by a writing signed only by the party seeking to enforce the alleged agreement.

BILL IN EQUITY, for specific performance of an alleged agreement of defendant's testate to convey land to the plaintiff as compensation for his services rendered her during her lifetime.

The evidence of disinterested witnesses was introduced, showing that the plaintiff worked for the deceased for a number of years. The plaintiff's proffered testimony as to conversations between the deceased and himself, tending to show the contract between them, was excluded subject to exception.

The plaintiff testified to a written agreement made with the deceased, and offered in evidence a copy of said agreement, which was excluded, subject to exception. The copy offered in evidence is as follows: "Manchester, N. H., August 17th, 1892. This is to certify that I will not collect any wages (or money) from Alma E. Jackson as long as she lives, but the condition in this agreement is that the said Alma E. Jackson shall pay me with what is left of her personal and real estate (all property, wherever found), which is to the full amount of all her property, after her legal debts are payed, if I outlive her. Geo. Howie."

The deceased made a will, dated September 27, 1912, leaving her property to the plaintiff. On October 5, 1912, a second will was made, of which the defendant is executrix, leaving the plaintiff the sum of five hundred dollars, but none of the property set forth in this bill.

A bill of exceptions was allowed by *Branch*, J., at the May term, 1916, of the superior court.

*George A. Little* and *John O'Neill* (*Mr. Little* orally), for the plaintiff.

*Jones, Warren, Wilson & Manning* (*Mr. Manning* orally), for the defendant.

PLUMMER, J. As the executrix did not elect to testify, the exclusion of the plaintiff's testimony as to conversations between the deceased and himself, tending to show a contract between them, was proper. P. S., *c.* 224, *s.* 16; *Perkins* v. *Perkins*, 68 N. H. 264; *Parsons* v. *Wentworth*, 73 N. H. 122; *Giles* v. *Smith*, 74 N. H. 238; *Jordan* v. *Jordan's Estate*, 76 N. H. 20, and numerous other cases.

The plaintiff contends that he should have been allowed to testify under section 17 of said chapter 224, which provides that "when it clearly appears to the court that injustice may be done without the testimony of the party in such case, he may be allowed to testify." In construing this section the courts have always been very reluctant to allow such testimony, and have never permitted it unless it was very clearly made to appear that injustice would be done by its exclusion. The rule being, in all ordinary cases, that the surviving party cannot give evidence as to any facts about which the deceased could testify, if living. In *Chandler* v. *Davis*, 47 N. H. 462, 465, *Perley*, C. J. said: "But we think, that, for ordinary cases, the safe guide and the decisive test is found in the inquiry whether the deceased, if alive, could testify to the same matters." *Hoit* v. *Russell*, 56 N. H. 559, 563; *Tuck* v. *Nelson*, 62 N. H. 469; *Simpson* v. *Gafney*, 66 N. H. 261. The testimony of the surviving party is never received as to matters about which the deceased could have testified, when his representative being a party to the suit does not elect to testify, unless it appears from other evidence than that of the party himself that injustice will be done by its rejection. *Harvey* v. *Hilliard*, 47 N. H. 551; *Fosgate* v. *Thompson*, 54 N. H. 455; *Cochran* v. *Langmaid*, 60 N. H. 571; *Sheehan* v. *Hennessey*, 65 N. H. 101. There was no such evidence in this case.

The court committed no error in excluding the writing signed by the plaintiff and offered in evidence by him, which states in substance that he would not collect wages of the deceased as long as she lived, on condition that he should have all of her property, if he outlived her. It does not appear that the paper was binding upon the deceased, it was not signed by her, and there is nothing in the case to indicate that she assented to the condition therein, or that she ever saw it, or knew of its contents. It was therefore in the nature of a self-serving declaration, and its admission would have placed before the court by indirection the testimony of the plaintiff, which, as above pointed out, could not be received in this case. Furthermore, as the paper was not obligatory upon the deceased,

its introduction in evidence could not have affected the issue on trial, and it might well have been rejected as immaterial.

*Exceptions overruled.*

All concurred.